IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTRICH CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL GLORY INDUSTRIAL LIMITED, a Hong Kong Corporation; BIG LOTS STORES, INC., an Ohio Corporation; and DOES 1-10 inclusive,<br><br>Defendants.<br>_____ | 2:11-cv-00742-GEB-KJN<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) ORDER; FED. R. CIV. P. 4(M) NOTICE</u> |

The March 18, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on July 18, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The March 18, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured.  No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on July 22, 2011, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested

1

on the OSC.[1]  If a hearing is requested, it will be held on November 14, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that any defendant not served with process within the 120 day period prescribed in that Rule may be dismissed as a defendant in this action unless Plaintiff provides proof of service and/or "shows good cause for the failure" to serve within this prescribed period in a filing due no later than 4:00 p.m. on July 22, 2011.

IT IS SO ORDERED.

Dated: July 11, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).