IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTRICH CORPORATION, a California Corporation, | |
| Plaintiff, | No. 2:11-cv-00742 GEB KJN |
| v. | |
| GLOBAL GLORY INDUSTRIAL LIMITED, a Hong Kong Corporation, et al., | |
| Defendants. / | ORDER |

Presently before the court is the parties' Joint Motion for Protective Order (Dkt. No. 28), which requests approval of the accompanying [Proposed] Protective Order transmitted to the undersigned via e-mail.[1]  Through the Joint Motion for Protective Order, the parties request an order limiting the use and dissemination of information that the parties wish to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.  (See [Proposed] Protective Order § 2.)  The undersigned does not grant the Joint Motion for Protective Order or approve the [Proposed] Protective Order as drafted because it does not

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).  (See also Minute Order, Mar. 1, 2012, Dkt. No. 29.)  Although the Joint Motion for Protective Order is noticed for a hearing date of April 2, 2012, the undersigned can resolve the motion without a hearing.

conform to the requirements of this court's Local Rule 141.1.  The [Proposed] Protective Order raises an additional concern identified below.

This court's Local Rule 141.1(c) provides:

> **(c)   Requirements of a Proposed Protective Order.**  All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order.  Every proposed protective order shall contain the following provisions:
>
> **(1)**   A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> **(2)**   A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> **(3)**   A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c).

Although the Joint Motion for Protective Order and [Proposed] Protective Order arguably make the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, they do not contain any provisions addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3).  Indeed, Section 8(g) of the [Proposed] Protective Order readily suggests that a private agreement will, by itself, meet the parties' needs and that a court order is unnecessary.  Section 8(g) provides: "The parties hereto shall be entitled to rely upon and shall be bound by this Stipulation and Order when it has been signed by the parties and their counsel, whether or not this Stipulation and Order has been signed by the Court."  Accordingly, the parties have not made the showing required by Local Rule 141.1(c), and the undersigned does not grant the Joint Motion for Protective Order or approve the [Proposed] Protective Order as proposed.  However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local

Rules.

The undersigned addresses one additional aspect of the [Proposed] Protective Order that the undersigned is not inclined to approve. Section 8(e) of the [Proposed] Protective Order suggests, even if only slightly, that this court will retain jurisdiction over the [Proposed] Protective Order any disputes arising therefrom after this action has concluded.[2] The undersigned is strongly disinclined to approve any provision that creates such retained jurisdiction over the [Proposed] Protective Order and related disputes after termination of the action.

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' Joint Motion for Protective Order (Dkt. No. 28) is denied without prejudice.

IT IS SO ORDERED.

DATED: March 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." E. Dist. Local Rule 141.1(f).

3